Argued and submitted October 14, 1999, decision of Court of Appeals affirmed, judgment of circuit court reversed and order of Water Resources Department affirmed February 17, petition for reconsideration denied May 3, 2000

Dorothy NORDEN,
*Petitioner on Review,*

*v.*

STATE OF OREGON,
acting by and through its
WATER RESOURCES DEPARTMENT;
and Tony Justus,
Umatilla County Watermaster,
*Respondents on Review,*

*and*

UMATILLA COUNTY,
a political subdivision of
the State of Oregon,
*Defendant.*

(CC CV95-0002; CA A93331; SC S46182)

996 P2d 958

George W. Kelly, Eugene, argued the cause and filed the brief for petitioner on review.

Richard D. Wasserman, Assistant Attorney General, Salem, argued the cause and filed the brief for respondents on review. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds Solicitor General.

Before Carson, Chief Justice, and Gillette, Van Hoomissen, Durham, Leeson, and Riggs Justices.**

LEESON, J.

---

** Kulongoski, J., did not participate in the consideration or decision of this case.

**LEESON, J.**

The issue in this case is the scope of the record on judicial review of an order in other than a contested case under Oregon's Administrative Procedures Act (APA), ORS 183.310 to ORS 183.550. On judicial review under ORS 183.484, the circuit court took evidence both of what the agency knew at the time when it issued its order as well as evidence that the agency and petitioner had obtained after the agency issued its order. The court then made findings on that record and entered judgment in favor of petitioner. On appeal, the Court of Appeals held that the scope of the record that the circuit court had developed was correct under ORS 183.484, but that the circuit court had erred in setting aside the agency's order on the ground that it was not supported by substantial evidence in the record. *Norden v. Water Resources Dept.*, 158 Or App 127, 135-38, 973 P2d 910 (1999). We allowed review and affirm the decision of the Court of Appeals.

We begin with some background. Under the APA, agencies may issue orders in contested cases and orders in other than contested cases. *See Oregon Env. Council v. Oregon State Bd. of Ed.*, 307 Or 30, 36-37, 761 P2d 1322 (1988) (explaining process). In either context, an order is "any agency action expressed orally or in writing directed to a named person or named persons * * *." ORS 183.310(5). In contested case proceedings, "the agency must base its decision [or action] on a record of evidence that the contesting parties have an opportunity to develop, it must confine its decision to the evidence so developed, and it must explain how its decision complies with the law and is supported by the facts." *Oregon Env. Council*, 307 Or at 37; ORS 183.415 to ORS 183.470. Orders in contested cases are subject to review by the Court of Appeals, ORS 183.482, and that court reviews for legal error, abuse of agency discretion, and lack of substantial evidence in the record. ORS 183.482(8). Judicial review of orders in contested cases is confined to the record made in the hearing before the agency. ORS 183.482(7); *Oregon Env. Council*, 307 Or at 37.

This case involves judicial review of an order in other than a contested case proceeding, specifically, an order that

the Water Resources Department (department) issued in November 1994, informing petitioner that she is not entitled to divert water from a spring that arises on her property without first obtaining a water right permit.[1] The order was in the form of a letter from Justus, a watermaster for the department.

■ Petitioner sought review of the order in the Umatilla County Circuit Court. ORS 183.484. As noted, the circuit court conducted a hearing at which the parties presented evidence both about the information that Justus had before him when he issued the order as well as evidence that the department and petitioner had obtained after Justus issued the order. Based on all the evidence, the circuit court found that there was not substantial evidence from which a reasonable person could conclude that the water arising from the spring on petitioner's property would flow off petitioner's property and into a nearby creek if petitioner did not divert it. The circuit court therefore entered a judgment reversing the order of the department. The judgment declared that petitioner had the right to use the water without first obtaining a water right permit. *See* ORS 183.486(1) (circuit court decision "may be mandatory, prohibitory, or declaratory in form and it shall provide whatever relief is appropriate irrespective of the original form of the petition"). The department appealed the judgment to the Court of Appeals.[2] ORS 183.500.

Before the Court of Appeals, the department argued that, because Justus had issued an order in other than a contested case proceeding, the record on judicial review consisted of both the information on which Justus had relied in

[1] A property owner is required to obtain a water right permit if waters leaving a spring on the property form a watercourse and, if undiverted, would flow to the land of another. *Fitzstephens v. Watson et al*, 218 Or 185, 194-95, 344 P2d 221 (1959).

[2] In circuit court, in addition to opposing the relief sought by petitioner, the department sought an affirmative declaration that the water would flow off petitioner's property and, therefore, that petitioner was required to obtain a water right permit. The judgment denied that relief. On judicial review, the department assigned error to the circuit court granting petitioner the relief she sought, but it did not assign error to the denial of the relief the department sought. Petitioner contends that this means that the circuit court's judgment is not properly before the court. Petitioner is incorrect. The department assigned error to the court's declaration that the water would not flow off petitioner's property and that petitioner is not required to obtain a water right permit. No more is required.

issuing the order and the evidence that the parties had developed after that time. Petitioner argued that the record on judicial review should be confined to the information that Justus had before him when he issued the order.

The Court of Appeals construed ORS 183.484 and agreed with the department. It reasoned that the legislature's intent regarding the scope of the record on judicial review in other than a contested case can be discerned by comparing the record-making process in a contested case with that in other than a contested case. The court concluded that

"the evident purpose of requiring petitions for judicial review of orders in other than contested cases to be heard by circuit courts—as opposed to appellate courts—is to enable the circuit courts to develop an evidentiary record against which to evaluate the agency's decision."

*Norden*, 158 Or at 135.

 Before this court, the first question is whether the Court of Appeals erred in holding that the record on judicial review in other than a contested case hearing is not limited to the information that the agency had before it when it issued its order. To answer that question, we must construe ORS 183.484.[3] In determining the scope of the record on judicial review of an order in other than a contested case proceeding, we seek to determine the intent of the legislature. We are guided by the familiar methodology summarized in *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993). At the first level of analysis, we examine the text and context of the statute, giving words of common usage their plain, natural, and ordinary meaning. *Id.* at 611. Words that have a well-defined legal meaning are given that meaning. *Stull v. Hoke*, 326 Or 72, 78, 948 P2d 722 (1997). Context includes other provisions of the same statute and other related statutes. *PGE*, 317 Or at 611. Case law interpreting

---

[3] We note that, before this court, unlike before the Court of Appeals, the department now agrees with petitioner that "the record should be limited to evidence possessed by the agency when it issued its final order." That the parties now might agree on the proper interpretation of the relevant statute is of no moment. This court's task is to determine the intent of the legislature, ORS 174.020, not to accede to the parties' agreement about the meaning of the statute.

the statute also is considered at the first level of analysis. *State v. Toevs*, 327 Or 525, 532, 964 P2d 1007 (1998). If the intent of the legislature is clear at the first level of analysis, then our inquiry is at an end. *PGE*, 317 Or at 611.

ORS 183.484 confers jurisdiction for judicial review of orders in other than a contested case on the Circuit Court for Marion County and the county in which the petitioner resides or has a principal business. ORS 183.484(1). A party seeking judicial review must file a petition for judicial review within a specified time, ORS 183.484(2), and the petition shall state, among other things, "the ground or grounds upon which the petitioner contends the order should be reversed or remanded." ORS 183.484(3). The circuit court may "affirm, reverse or remand" the agency's order, and, if it finds that the agency erroneously has interpreted a provision of law, then it must set aside or modify the order or remand the case to the agency for further action under a correct interpretation of the provision of law. ORS 183.484(4)(a). ORS 183.484 also provides:

> "(4)(c) The court shall set aside or remand the order if it finds that the order is not supported by substantial evidence in the *record*. Substantial evidence exists to support a *finding of fact when the record, viewed as a whole*, would permit a reasonable person to make that finding.
>
> "(5) In the case of reversal the court shall make special *findings of fact* based upon the evidence in the *record* and conclusions of law indicating clearly all aspects in which the agency's order is erroneous."

(Emphasis added.)

ORS 183.484 contains several references to the "record" on judicial review and requires the circuit court to make "findings of fact" if it reverses the agency. Although the statute does not define it, the word "record" has a well understood legal meaning, namely, "a report of something that occurred that is memorialized or kept track of, whether by print or electronic means." *State v. K. P.*, 324 Or 1, 8, 921 P2d 380 (1996). The legal meaning of the phrase "finding of fact" also is well established: "Determinations from the evidence of a case, either by court or an administrative agency, concerning facts averred by one party and denied by another." *Black's*

*Law Dictionary*, 632 (6th ed 1990); *accord Maeder Steel Products Co. v. Zanello*, 109 Or 562, 570, 220 P 155 (1924).

■ ■ Although ORS 183.484 contemplates a record for review in all circumstances, and findings of fact based on that record when the circuit court reverses the agency, nothing in the APA directs an agency in other than a contested case proceeding to make a record or to make findings of fact before issuing its order. *See Oregon Env. Council*, 307 Or at 37 (APA says little about "that large body of agency actions" that are orders in other than contested cases). Circuit courts are record-making, fact-finding courts. We conclude that the reference in ORS 183.484 to the "record" is to the record that is made before the circuit court and that the reference to "findings of fact" in ORS 183.484(5) is to the findings that the circuit court makes based on the evidence in that record when it reverses the agency.

■ The absence of a requirement that the agency in other than a contested case proceeding make a record or findings of fact before issuing its order means that the first opportunity that a party might have to present evidence is before the circuit court.[4] Although the text of ORS 183.484 is not explicit regarding the scope of the record on review, the text suggests that the legislature did not intend to limit the scope of the record on judicial review only to the evidence that the agency had before it when it issued its order.

ORS 183.484(4) provides additional support for that conclusion. As noted, judicial review of an order in other than a contested case includes review for substantial evidence in the record "as a whole." ORS 183.484(4)(c). This court has held that review for substantial evidence in the record as a whole under the APA requires a court to consider *all* the evidence in the record. *Younger v. City of Portland*, 305 Or 346, 356, 752 P2d 262 (1988). "Whole record" review means consideration of whatever evidence the record may contain that

---

[4] We note that, in this case, before issuing the department's order, Justus had sent a letter to petitioner explaining the factual and legal basis for his belief that petitioner had to obtain a water right permit to continue diverting water from the spring and asking for her response. Through her attorney, Norden had explained why she believed that she did not have to obtain a water right permit. However, nothing in the APA required Justus to obtain that information from petitioner before issuing the order.

would detract from as well as support the agency's order. *Id.* at 354 (citing *Universal Camera Corp. v. Labor Bd.*, 340 US 474, 71 S Ct 456, 95 L Ed 456 (1951)). In other than a contested case proceeding, the first opportunity that a party might have to make a record of the evidence that would detract from an agency's order is on judicial review. Limiting the scope of the record to the evidence that was available to the agency when it issued its order would undermine the "whole record" review required by ORS 183.484(4)(c).

The context of ORS 183.484, describing the process for contested cases, also is instructive regarding the legislature's intent. ORS 183.415(1) provides that, in a contested case, all parties "shall be afforded an opportunity for hearing after reasonable notice * * *" and that the record developed at the hearing must reflect "a full and fair inquiry into the facts necessary for consideration of all issues properly before the presiding officer in the case." ORS 183.415(10). ORS 183.415(11) and (12) identify what the record in a contested case "shall include," such as pleadings, motions, intermediate rulings, evidence received or considered, questions and offers of proof, objections and rulings thereon, proposed findings, and a verbatim record of all motions, rulings and testimony. A final order that is issued after a contested case hearing "shall be accompanied by findings of fact and conclusions of law." ORS 183.470(2).

Those statutes reveal that, in a contested case, the legislature has imposed on agencies the requirement of trial-like proceedings that culminate in a record, findings of fact, and conclusions of law that must accompany the agency's final order. Judicial review of an order in a contested case is conferred on the Court of Appeals, and its review is "confined to the record" that was made before the agency. ORS 183.482(7). *See* ORS 183.482(5) (Court of Appeals may order agency to take additional evidence under specified circumstances). ORS 183.482(8)(c), like ORS 183.484(4)(c), provides for review for substantial evidence of the whole record. In the contested case context, the agency has made the record by the time that judicial review occurs. In other than contested case proceedings, there may be no record to review, or only so much record as supports the agency's order, until a record is made before the circuit court. We find no suggestion in the APA that the legislature intended the record in other than a

contested case proceeding to be less complete or well developed than the record in a contested case proceeding.

For the foregoing reasons, we agree with the Court of Appeals that the legislature's intent is clear based on an examination of the text and context of ORS 183.484. On judicial review of an order in other than a contested case proceeding, ORS 183.484 affords the parties the opportunity to develop a record like the one that parties are entitled to develop at an earlier stage in a contested case proceeding.

That conclusion does not expand the circuit court's role in reviewing the record on review in other than a contested case proceeding, however. As noted, ORS 183.484(4)(c) and 183.482(8)(c) both provide that the circuit court's review of the record is review for substantial evidence. The court's evaluation of the record is limited to whether the evidence would permit a reasonable person to make the determination that the agency made in a particular case. *See Garcia v. Boise Cascade Corp.*, 309 Or 292, 295, 787 P2d 884 (1990) (describing substantial evidence review).

The next question is whether, on the record in this case, substantial evidence exists from which a reasonable person could conclude that the water that arises from the spring on petitioner's property would run off her property if it were not diverted. We conclude that it does. The department produced both documentary and testimonial evidence that a significant quantity of water arises from the spring on petitioner's property and that, if that water were not diverted by a ditch and obstructed by a dike, then it would flow off petitioner's property and into a neighboring creek. Although petitioner was able to muster evidence to the contrary, the record, when viewed as a whole, would permit a reasonable person to find that the water would flow off the property and, accordingly, that petitioner is required to obtain a water right permit. *See Erck v. Brown Oldsmobile*, 311 Or 519, 528, 815 P2d 1251 (1991) (substantial evidence standard of review in APA does not require reviewing court to "explain away" conflicting evidence).

The decision of the Court of Appeals is affirmed. The judgment of the circuit court is reversed. The order of the Water Resources Department is affirmed.