Argued and submitted July 17, reversed and remanded August 29, petition for review denied November 27, 2001 (333 Or 73)

# WILBUR RESIDENTS FOR A CLEAN NEIGHBORHOOD,
Janet Dixon, Kevin Dixon, Dorothy Branch, Alice Mohr, Marcia Byers and Bob Wanless,
*Respondents,*

*v.*

# DEPARTMENT OF ENVIRONMENTAL QUALITY,
*Appellant,*

*and*

# HEARD FARMS, INC.,
*Intervenor-Respondent.*

98CV0649CC; A109651

30 P3d 1228

Denise G. Fjordbeck, Assistant Attorney General, argued the cause for appellant. With her on the briefs were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Dave Bahr argued the cause and filed the brief for respondents.

No appearance for intervenor-respondent Heard Farms, Inc.

Before Edmonds, Presiding Judge, and Kistler, Judge, and Van Hoomissen, Senior Judge.

PER CURIAM

**PER CURIAM**

This is a judicial review of permits that the Department of Environmental Quality (DEQ) issued authorizing intervenor Heard Farms, Inc., to apply reclaimed wastewater and biosolids to certain land. The permits were final orders in other than a contested case and the trial court therefore had jurisdiction under ORS 183.484. The trial court granted petitioners' motion for summary judgment and held that the orders were invalid because they failed to include findings of fact. It remanded the case to DEQ for the entry of new orders. The trial court erred in requiring findings of fact in the orders, and we reverse its judgment. *Norden v. Water Resources Dept.*, 329 Or 641, 648-49, 996 P2d 958 (2000). We also necessarily vacate the court's award of attorney fees to petitioners.

Petitioners cross-assign error to the trial court's action in striking nine of their exhibits from the summary judgment record on the ground that the exhibits were not part of the record before DEQ when it issued the permits. That ground does not support the trial court's decision. *Norden*, 329 Or at 649. DEQ argues that we should affirm the decision because the exhibits are irrelevant. Our decision will require further proceedings on remand, and the issues that arise in those proceedings may affect the relevance of the exhibits. We therefore leave all questions concerning the admissibility of the exhibits to the trial court, subject to our review on any subsequent appeal.

Reversed and remanded.