LAGESEN, P. J.
*693 This proceeding arises under ORS 183.484, which provides for judicial review of final agency orders "other than contested cases" in an appropriate circuit court. ORS 183.484(1).[1] In the final order at issue, the Department of Human Services (DHS) found that there was reasonable cause to believe that petitioner, who was employed at DHS's Stabilization and Crisis Unit (SACU), was responsible for neglect and lack of supervision and protection with respect to two minors in the SACU. On DHS's motion for summary judgment, the circuit court upheld that order, concluding that there were no genuine issues of material fact as to whether the order was supported by substantial evidence and that DHS correctly applied the applicable law.
Petitioner seeks judicial review, assigning error, among other things, to the circuit court's grant of summary judgment. He contends that the circuit court's ruling was based on a misunderstanding of the summary judgment procedures in judicial review proceedings under ORS 183.484 and that, under a correct understanding of the process, the circuit court's grant of summary judgment was in error. DHS, in response, concedes the error. We are not bound to accept that concession and must decide whether to accept it. State v. Bea , 318 Or. 220, 224, 864 P.2d 854 (1993) ("We need not accept [a] concession concerning a legal conclusion."). For the reasons that follow, we do.
Like the order at issue in this case-which has substantial ramifications for petitioner's reputation and employment prospects-many agency orders issued outside of the contested case context often impose significant burdens on the liberty and property interests of Oregonians. Given those consequences, it would not be unreasonable for a person subject to such an order to look to Oregon statutes for the procedures governing judicial review of such orders and hope to come away with an understanding of the process and a confidence that the process was designed to ensure *694 fair, efficient, and economical means of securing judicial scrutiny of agency action.
That effort would be frustrating for most people. As it stands, the applicable procedure can't be found in the statutes or administrative rules in any clear way. Instead, they exist in the volumes of the Oregon Reports, the product of judicial decisions that attempt either (1) to define the role of the circuit court on judicial review under ORS 183.484 of an order other than a contested case or (2) to assess how the Oregon Rules of Civil Procedure come into play when a circuit court is reviewing the decision of an executive *833 branch agency, rather than acting as a decision-maker itself in the first instance. To aid the bench, bar, and public, we'll attempt to lay out that procedure as clearly and succinctly as we can. For now, here's what the cases say.[2]
First, in a proceeding under ORS 183.484 for review of an order other than contested case, review is not limited to the record on which the agency based its decision. Instead, " ORS 183.484 affords the parties the opportunity to develop a record like the one that parties are entitled to develop at an earlier stage in a contested case proceeding." Norden v. Water Resources Dept. , 329 Or. 641, 649, 996 P.2d 958 (2000). Once that record has been developed, the circuit court then *695 reviews to determine "whether the evidence would permit a reasonable person to make the determination that the agency made in a particular case."[3] Id . Thus, even though the record created before the circuit court may bear little resemblance to that on which the agency relied to make a challenged decision, under Norden , the circuit court must treat the agency as having had the later-created record before it at the time of its decision.
Second, even though the parties are entitled to make a record in the circuit court, summary judgment under ORCP 47 is not necessarily off the table in a case involving a substantial evidence challenge. For example, a court may resolve the case on summary judgment where the parties, in effect, agree or concede that the court may conduct its substantial evidence review on the evidentiary record developed on summary judgment. Coquille School District 8 v. Castillo , 212 Or. App. 596, 602, 159 P.3d 338 (2007) ; see Bridgeview Vineyards, Inc. v. State Land Board , 258 Or. App. 351, 367, 309 P.3d 1103 (2013) (" Coquille School District illustrates that parties can essentially concede that the record is sufficiently developed for the circuit court to conduct its judicial review of an order under ORS 183.484.").
However, we explained in Bridgeview Vineyards, Inc. that, in the absence of such an agreement or concession, summary judgment is not permissible if the party opposing summary judgment demonstrates that there are factual disputes going to the merits of the challenged agency decision. 258 Or. App. at 366-69, 309 P.3d 1103 (concluding that factual disputes going to the merits of challenged permitting decision meant circuit court should have held full evidentiary hearing, rather than resolving matter on summary judgment record). We reached that conclusion even though, under Norden , a circuit court's role on substantial evidence review under ORS 183.484(5)(c) is limited to assessing whether the record as a whole would permit a reasonable person to reach the result that the agency reached in the challenged order, and does not allow for the court to find the facts de novo . We reasoned *696 that merits-related factual disputes "warrant[ *834 ] further exploration at trial," entitling the party opposing summary judgment to the full evidentiary hearing contemplated by Norden , even if the summary judgment record might be sufficient to establish that substantial evidence supported the agency's decision. Bridgeview Vineyards, Inc. , 258 Or. App. at 369, 309 P.3d 1103.
As DHS notes in its concession, our decision in Bridgeview Vineyards, Inc. requires us to reverse and remand in this case. Although the circuit court may have been correct in concluding that the summary judgment record was sufficient to establish that the challenged order was supported by substantial evidence, petitioner opposed summary judgment and did not concede that the record was adequately developed for the court to conduct substantial evidence review. Further, petitioner's evidentiary submissions demonstrate that there are disputes of fact going to the merits of DHS's determination that there was reasonable cause to believe that petitioner was responsible for (1) neglect and (2) lack of supervision and protection with respect to the two minors. Were a reasonable factfinder to credit petitioner's version of events, the factfinder would not have to be persuaded that the requisite reasonable cause was present. Under Bridgeview Vineyards, Inc. , this means that petitioner was entitled to develop the record further at an evidentiary hearing. The circuit court, therefore, erred in resolving the matter on summary judgment, and DHS is correct to concede the point before us.
Reversed and remanded.

ORS 183.484(1) provides that jurisdiction to review an agency order other than a contested case is "conferred upon the Circuit Court for Marion County and upon the circuit court in which the petitioner resides or has a principal business office."

Should the legislature decide to take up the issue, the Uniform Law Commission's 2010 Revised Model State Administrative Procedure Act would provide a starting place for discussion. We note that Oregon's current act derives from the 1961 Model State Administrative Procedure Act. See Younger v. City of Portland , 305 Or. 346, 351-52, 752 P.2d 262 (1988) (discussing history of Oregon Administrative Procedures Act). Section 507(b)-a new provision in the 2010 model act-establishes the content of the record for an agency order that did not result from a contested case:
"[T]he record for review consists of the unprivileged materials that agency decision makers directly or indirectly considered, or which were submitted for consideration by any person, in connection with the action under review, including information that is adverse to the agency's position. If the agency action was ministerial or was taken on the basis of a minimal or no administrative record, the court may receive evidence relating to the agency's basis for taking the action."
Uniform Law Commission's Revised Model State Administrative Procedure Act (2010), § 507(b). Section 507(c) allows for expansion of the record to, among other things, "prevent manifest injustice." Section 508(e), in turn, contemplates that states will identify circumstances in which it is appropriate for a reviewing court to find the facts de novo and provides that, in such instances, "to the extent that the facts are subject to a trial de novo by the reviewing court, the action was unwarranted by the facts."

If a petitioner challenges an agency's interpretation and application of the law or exercise of discretion, the court also reviews for legal error, and to determine whether an agency's exercise of discretion comports with the law. ORS 183.484(5)(a), (b).