Submitted October 4; supplemental judgment reversed, remanded for resentencing, otherwise affirmed November 27, 2019

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JUANITO TESTADO ALLIDA,
*Defendant-Appellant.*

Washington County Circuit Court
17CR45493; A167341

455 P3d 1042

Theodore E. Sims, Judge.

Jedediah Peterson and O'Connor Weber LLC filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Greg Rios, Assistant Attorney General, filed the brief for respondent.

Before DeHoog, Presiding Judge, and Mooney, Judge, and Hadlock, Judge pro tempore.

PER CURIAM

Supplemental judgment reversed; remanded for resentencing; otherwise affirmed.

**PER CURIAM**

After a bench trial, the trial court entered judgment convicting defendant of four counts of third-degree sexual abuse and two counts of attempted second-degree sexual abuse against the minor victim.[1] The court subsequently entered a supplemental judgment ordering defendant to pay $2,443 in restitution—$1,473.25 to the Criminal Injuries Compensation Account (CICA) and $969.75 to Providence Health Plans—for the costs of a CARES evaluation that CICA and Providence had paid on behalf of the minor victim. Defendant appeals, assigning error only to the restitution award.

The state concedes, and we agree, that the court erred in imposing restitution in this case. For CICA or an insurance carrier to obtain restitution it must have "expended moneys on behalf of a victim described in [ORS 137.103(4)(a)]." ORS 137.103(4)(c) (CICA); ORS 137.103(4)(d) (insurance carrier). However, "an unemancipated minor who claims only medical expenses as damages as a result of a defendant's conduct does not qualify as a 'victim' under ORS 137.103(4)(a)." *State v. White*, 299 Or App 165, 167, 449 P3d 165 (2019) (citing *State v. Moreno-Hernandez*, 365 Or 175, 189, 442 P3d 1092 (2019) (holding that the medical expenses of an unemancipated minor child are damages suffered by the child's parents, not the child)). Thus, even if the amounts paid by CICA and Providence for the CARES evaluation are properly viewed as medical expenses, they were not expended on behalf of a qualifying victim. For that reason, we reverse the supplemental judgment and, as in *Moreno-Hernandez*, 365 Or at 190-91, because the court may have other permissible options available to it, remand for resentencing. *See also White*, 299 Or App at 169 (same).

Supplemental judgment reversed; remanded for resentencing; otherwise affirmed.

---

[1] The court acquitted him of first-degree sexual abuse, sodomy, and an additional count of third-degree sexual abuse; two other counts were dismissed on the state's motion.