Submitted July 2; supplemental judgment reversed, remanded for resentencing, otherwise affirmed August 26, 2020

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

FERNANDO BOZA,
*Defendant-Appellant.*

Multnomah County Circuit Court
17CR67870; A169763

473 P3d 1161

Christopher A. Ramras, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Neil F. Byl, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Lauren P. Robertson, Assistant Attorney General, filed the brief for respondent.

Before DeVore, Presiding Judge, and DeHoog, Judge, and Mooney, Judge.

PER CURIAM

Supplemental judgment reversed; remanded for resentencing; otherwise affirmed.

**PER CURIAM**

Defendant was convicted of first-degree sexual abuse. In a supplemental judgment, the trial court ordered defendant to pay restitution, including restitution in the amount of $240 to the Children's Center of Clackamas County (Children's Center) and $1,522.36 to the Department of Justice: Crime Victim Services, also referred to by the parties as the Crime Victims Compensation Fund (CVCF).[1] Those restitution amounts were based on the cost of the Children's Center's medical evaluation of the victim of defendant's crime. On appeal, defendant contends that the trial court awarded those restitution amounts in error and asks that we vacate those awards. The state concedes that the trial court erred when it awarded restitution to the Children's Center and CVCF. The state bases its concession regarding the Children's Center award on *State v. White*, 296 Or App 445, 439 P3d 569, *rev den*, 365 Or 195 (2019), in which we held that on the record before the trial court, Child Abuse Response and Evaluation Services (CARES) did not suffer economic damages by providing services to the direct victim of the defendant's crimes and was not a "victim" to whom the defendant could be ordered to pay restitution under the restitution statute. Here, the state agrees with defendant that, as in *White*, the state did not provide a cognizable legal theory by which defendant could be held liable for economic damages against the Children's Center. *See id.* at 450. Regarding CVCF, the state concedes that the restitution award was legally erroneous because, under ORS 137.103(4)(c), restitution can be awarded to CVCF only to compensate for expenditures on behalf of a direct victim who has suffered economic damages; under *State v. Moreno-Hernandez*, 365 Or 175, 189, 442 P3d 1092 (2019), unemancipated minors do not suffer economic damages for medical expenses—their parents do; and the restitution award to CVCF was based on expenditures made on behalf of the minor victim for the costs of the Children's Center medical evaluation. *See State v. Allida,* 300 Or App 819, 455 P3d 1042 (2019) (trial court erred by ordering restitution to Criminal

---

[1] The parties agree that the Crime Victims Compensation Fund appears to be a different name for the Criminal Injuries Compensation Account, which is considered to be a "victim" under certain circumstances. ORS 137.103(4)(c).

Injuries Compensation Account and insurer for costs of CARES evaluation for minor victim); *State v. White*, 299 Or App 165, 168, 449 P3d 924 (2019) (medical insurance carrier did not qualify as a victim because unemancipated minor did not suffer economic damages under ORS 137.103(4)(a)). We agree with and accept the state's concession.

Turning to disposition, the state argues that the proper remedy is to reverse the supplemental judgment imposing restitution and remand for resentencing to allow the trial court to determine if it has "other permissible options by which to hold the defendant financially accountable for the consequences of his crime." *White*, 299 Or App at 169 (citing *Moreno-Hernandez*, 365 Or at 190-91). We agree with the state.

Supplemental judgment reversed; remanded for resentencing; otherwise affirmed.