Submitted March 11; portion of judgment awarding restitution on Count 1 reversed, remanded for resentencing, otherwise affirmed December 9, 2020

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MICHAEL PAUL ABELN,
*Defendant-Appellant.*

Washington County Circuit Court
17CR59932; A167479

477 P3d 436

Andrew Erwin, Judge.

Kenneth A. Kreuscher filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jeff J. Payne, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Presiding Judge, and Powers, Judge, and Kamins, Judge.

PER CURIAM

Portion of judgment awarding restitution on Count 1 reversed; remanded for resentencing; otherwise affirmed.

**PER CURIAM**

Defendant appeals a judgment of conviction for two counts of first-degree sexual abuse, ORS 163.427, and one count of third-degree sexual abuse, ORS 163.415. At the outset, we reject without discussion defendant's first two assignments of error. For his third, he assigns error to the trial court's awards of restitution in the amounts of $2,968.15 to Child Abuse Response and Evaluation Services Northwest (CARES), which conducted a child abuse evaluation of the victim, and $451.85 to Subrogation Services, Inc. For purposes of his appeal, defendant treats the amounts awarded to both organizations as going to CARES, explaining that "[t]he record does not indicate whether the subrogation funds are directly related to the funds claimed by CARES Northwest, but those appear to be the only potential insurance related costs for the restitution." He argues that CARES does not meet the statutory definition of a victim under ORS 137.103 for purposes of awarding victim restitution under ORS 137.106.

In response, the state concedes that, under *State v. White*, the trial court erred in awarding the $2,968.15 in restitution to CARES and agrees that this court should reverse the restitution award and remand for resentencing. 296 Or App 445, 450-52, 439 P3d 569, *rev den*, 365 Or 195 (2019) (concluding under similar circumstances that CARES was neither a victim nor suffered economic damages for purposes of crime victim restitution). As for the amount awarded to Subrogation Services, Inc., the state contends that defendant has not assigned error to it.

We accept the state's concession regarding the $2,968.15 in restitution to CARES, and reverse and remand for the reasons stated in *White* and our subsequent cases following *White*. *Id.*; *see also State v. Boza*, 306 Or App 279, 473 P3d 1161 (2020) (accepting the state's similar concession based on reasoning in *White*). As for the amount awarded to Subrogation Services, Inc., we understand defendant to have assigned error to that amount, but the record is such that we are unable to determine whether the trial court awarded that amount based on its erroneous view that CARES was eligible to recover restitution. Because we are remanding,

the trial court may address that point, with the benefit of the parties' arguments, on remand.

Portion of judgment awarding restitution on Count 1 reversed; remanded for resentencing; otherwise affirmed.