Submitted June 4; supplemental judgment reversed, remanded for resentencing, otherwise affirmed September 9, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

RONALD CODY TRAVERS,
*Defendant-Appellant.*

Columbia County Circuit Court
18CR69593; A172804

497 P3d 812

Cathleen B. Callahan, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Stacy M. Du Clos, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Greg Rios, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Aoyagi, Judge.

PER CURIAM

Supplemental judgment reversed; remanded for resentencing; otherwise affirmed.

## PER CURIAM

After a motor vehicle crash, defendant was convicted of fourth-degree assault and, as part of his sentence, was ordered to pay $13,621.62 in restitution to a victim's insurance company. Defendant appeals the supplemental judgment, assigning error to the restitution order as it pertains both to medical expenses ($5,937.18) and to vehicle replacement costs ($7,684.44). We review restitution orders for errors of law and are bound by any factual findings supported by evidence in the record. *State v. McClelland*, 278 Or App 138, 141, 372 P3d 614, *rev den*, 360 Or 423 (2016).

Regarding medical expenses, the state concedes that the trial court erred in imposing restitution on the existing record, because it does not establish the reasonableness of those expenses. *See id.* at 143 (recognizing that the state must establish that a victim's medical expenses are "reasonable charges necessarily incurred" to support a restitution award). We agree with the parties' assessment of the record, accept the state's concession on medical expenses, and reverse the supplemental judgment as to that portion of the restitution order.

Regarding vehicle replacement costs, the situation is more complicated, because the state purports to concede an error that defendant does not claim in his opening brief.[1] Defendant's legal challenge to the order of restitution for the victim's vehicle replacement costs is that the state failed to prove that those costs were *caused* by defendant's criminal activity. *See State v. Andrews*, 366 Or 65, 69, 456 P3d 261 (2020) ("ORS 137.106 requires an award of restitution when three prerequisites are met: (1) criminal activities; (2) economic damages; and (3) a causal relationship between the two."). Having reviewed the record, we conclude that the state's evidence, albeit thin, was legally sufficient to

---

[1] The state "concedes" that the record contains insufficient evidence of the "reasonable market value" of the victim's totaled vehicle, *see State v. De Verteuil*, 304 Or App 163, 168, 467 P3d 80 (2020) (looking to the "reasonable market value" of the victim's destroyed property in awarding restitution), but defendant does not make that argument on appeal. We therefore do not accept the state's concession. *See Cervantes v. Dept. of Human Services*, 295 Or App 691, 693, 435 P3d 831 (2019) (recognizing that we are "not bound to accept" a concession and "must decide" whether to accept it).

establish causation. We therefore affirm the portion of the restitution order pertaining to vehicle replacement costs.

We reject defendant's other two assignments of error, which relate to evidentiary rulings as to a particular witness's testimony, without written discussion.

Accordingly, we reverse the supplemental judgment and remand for resentencing. Defendant requests a straight reversal, but we agree with the state that reversal and remand is the correct disposition. *Cf. State v. Boza*, 306 Or App 279, 281, 473 P3d 1161 (2020); *State v. Moreno-Hernandez*, 365 Or 175, 190-91, 442 P3d 1092 (2019); *State v. Tippetts*, 239 Or App 429, 432, 244 P3d 891 (2010).

Supplemental judgment reversed; remanded for resentencing; otherwise affirmed.