98 June 5, 2024 No. 380

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

TYLER ALLEN MORRISON,
*Defendant-Appellant.*

Washington County Circuit Court
21CR35353; A179511

Andrew Erwin, Judge.

Submitted April 29, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Erik Blumenthal, Deputy Public Defender, Office of Public Defense Services, filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Mooney, Judge, and Pagán, Judge.

SHORR, P. J.

Supplemental judgment reversed; remanded for resentencing.

**SHORR, P. J.**

Defendant was convicted of one count of unauthorized use of a vehicle; his conviction and sentence are reflected in a judgment entered in April 2022. He appeals from the supplemental judgment entered in August 2022 after a restitution hearing. In his first assignment, he asserts that the trial court erred when it imposed a compensatory fine. In his second assignment, he contends that the trial court erred when it imposed special conditions of probation that were not announced in court. We conclude that the trial court erred in both respects, and we reverse the supplemental judgment and remand for resentencing.

The procedural background is undisputed. The judgment entered in April 2022 includes a $200.00 fine. The judgment also reflects a stipulation regarding restitution: "Parties have stipulated to 900 dollars to victim and 12,983.40 to progressive auto insurance. Hearing is to determine the rest of the restitution that is not stipulated to." The trial court subsequently held a restitution hearing on July 12 and August 11, 2022. At the outset of the hearing, defense counsel informed the trial court that defendant disputed the valuation of certain items for which the state was seeking a money award for restitution. The victim testified about items that had been in his truck when the truck was stolen and that were not recovered. After the state rested, the trial court explained that there had been "testimony as to what the replacement value is" but that it needed "further information [from the state] with regard to the—any ascertainable market value" of the items. The court adjourned the hearing with the intention that they would reconvene in approximately 30 days and "pick it back up there" after the state had an opportunity to figure out if there was any ascertainable market value for the used goods.

The hearing continued on August 11. The court began by noting that defendant was correct that restitution had to be based on the current market value of the victim's missing items. However, it then stated,

"Rather than approach this from a restitution standpoint, I am proposing and intend, hearing nothing that changes my mind, to impose a $5,000 compensatory fine,

and that way I don't have to do a whole lot [of] math up here.

"* * * I know that's kind of a bit of an end-around from where you figured things would be."

The trial court also referred to certain case law as support for the appropriateness of imposing a compensatory fine. After an objection by defendant to the amount and further discussion with counsel, the trial court instead orally imposed a compensatory fine of $3,986, reflecting the maximum amount requested from the evidence that the state had submitted at the earlier portion of the hearing. The trial court ultimately entered a supplemental judgment containing a money award comprised of the compensatory fine ($3,986.63) and the previously stipulated to restitution ($12,983.40), and special conditions of probation that had not been announced in open court.

In his first assignment of error, defendant contends that the trial court erred in imposing a compensatory fine in the supplemental judgment when it had already imposed a fine in the original judgment.[1] Defendant asserts that he preserved the issue, and, in the alternative, he asks for plain error review. The state argues that defendant did not preserve his claim of error, but it does not dispute that the imposition of the compensatory fine was error. However, the state argues that we should not consider this error as plain error because, it contends, defendant's choice not to object might have been a tactical choice. *See State v. Revette*, 318 Or App 749, 764-65, 508 P3d 985, *rev den*, 370 Or 214 (2022) (error not plain when defendant might have had a strategic reason not to object). The state asserts that defendant may have deliberately chosen to accept the sentencing court's proposed compensatory fine alternative as a quick and

---

[1] ORS 137.101(1) states:

"Whenever the court imposes a fine as penalty for the commission of a crime resulting in injury for which the person injured by the act constituting the crime has a remedy by civil action, unless the issue of punitive damages has been previously decided on a civil case arising out of the same act and transaction, the court may order that the defendant pay any portion of the fine separately to the clerk of the court as compensatory fines in the case. The clerk shall pay over to the injured victim or victims, as directed in the court's order, moneys paid to the court as compensatory fines under this subsection. This section shall be liberally construed in favor of victims."

simple solution to avoid either an amendment of the original judgment to increase the amount of the punitive fine or further litigation on the proper amount that could be lawfully imposed as restitution.

Having reviewed the record, we agree with the state that the specific legal argument defendant makes on appeal was not preserved; however, we disagree that the record supports the inference of a strategic reason on defendant's part not to object. On August 11, the parties appeared for a continued hearing to determine restitution. The court *sua sponte* decided to impose a compensatory fine instead of continuing the process of determining a specific amount of restitution. Defendant had no reason to avoid further litigation—he appeared on August 11 for that reason—and he continued to object to the amount of the fine. The record supports an inference that defendant was surprised by the turn of events, which the trial court acknowledged was likely the case, and was faced with the trial court announcing its decision to handle the issue in a different manner than defendant anticipated while referring to authority that it believed supported its decision.

We therefore conclude that it is appropriate to consider this error as plain error and that the trial court plainly erred in imposing a compensatory fine. *See State v. Kellison*, 289 Or App 55, 407 P3d 978 (2017), *rev den*, 362 Or 665 (2018) (plain error to impose compensatory fine in addition to punitive fine). We exercise our discretion to correct the error for the reasons expressed in *State v. Nichols*, 281 Or App 658, 660, 383 P3d 988 (2016) (exercise of discretion to correct plain error due to gravity of error and ends of justice weighing in favor of doing so).

In regard to disposition, defendant seeks a straight reversal of the compensatory fine, but we agree with the state that reversal and remand is the correct disposition. *See State v. Carachuri*, 330 Or App 443, 448, 544 P3d 410 (2024) (remanding for resentencing when supplemental judgment contained an erroneous restitution award); *State v. Travers*, 314 Or App 487, 489, 497 P3d 812 (2021) (reversing supplemental judgment and remanding for resentencing where trial court erred in including medical expenses

in the restitution order); *State v. Boza*, 306 Or App 279, 281, 473 P3d 1161 (2020) (reversing supplemental judgment that contained erroneous restitution award and remanding for resentencing to allow trial court to determine if it had "'other permissible options by which to hold the defendant financially accountable for the consequences of his crime'" (quoting *State v. White*, 299 Or App 165, 169, 449 P3d 924 (2019)).

In his second assignment, defendant contends that the trial court plainly erred when it imposed special conditions of probation in the supplemental judgment outside of defendant's presence and without prior notice. Defendant asks that we reverse and remand for further proceedings so that he may address those conditions and contest, if possible, whether the statutes allowing the trial court to enter a supplemental judgment of restitution allow the court to impose additional special conditions of probation. The state concedes that the trial court plainly erred and that we should reverse and remand for resentencing. We accept the state's concession and exercise our discretion to correct the plain error. Consistent with our case law, the correct disposition is to remand for resentencing. *See State v. Deprati*, 311 Or App 620, 487 P3d 58 (2021) (reversing bench probation fee and remanding for resentencing when fee was not announced in open court at sentencing). On remand, the parties will have the opportunity, in the first instance, to make arguments to the trial court that they did not have the opportunity to raise.

Supplemental judgment reversed; remanded for resentencing.