Argued and submitted August 24, reversed and remanded October 13, 2004

Michael BERGER,
*Appellant,*

*v.*

STATE OFFICE FOR SERVICES TO
CHILDREN AND FAMILIES,
*Respondent.*

01C-12221; A117291

98 P3d 1127

Peter Miller argued the cause and filed the briefs for appellant.

Richard D. Wasserman, Attorney-in-Charge, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Wollheim, Presiding Judge, and Deits, Chief Judge, and Leeson, Judge pro tempore.

WOLLHEIM, P. J.

## WOLLHEIM, P. J.

Petitioner appeals from a judgment of the circuit court that dismissed his petition for review under ORS 183.484 of an agency final order determining that there was reason to believe that petitioner had committed child abuse. The court concluded that the agency order was a final order in a contested case and that petitioner therefore should have sought judicial review directly in this court. We reverse and remand.

Petitioner, a resident of Illinois, came to Oregon to meet a child he was hoping to adopt. He spent a weekend with the child in Oregon. Afterwards, the child made statements that led State Office for Services to Children and Families (SOSCF) to investigate the possibility that petitioner had sexually abused the child during that weekend. As a result of the investigation, SOSCF concluded that the charges of sex abuse were "founded." *See* ORS 419B.020. Under the agency's procedures, such a determination means only that there is reasonable cause to believe that abuse has occurred and, if it is possible to make the determination, that a particular person was responsible. SOSCF notified petitioner of its finding and of his right to an administrative appeal. Petitioner pursued the administrative appeal, resulting in the final agency order for which he sought judicial review in the circuit court.

In its final order, SOSCF stated that the review committee "believes there is reasonable cause to believe the child abuse or neglect occurred and that the [Child Protective Services] Disposition will be retained as Founded." It also stated that the committee "believes there is reasonable cause to believe that the person for whom the review was requested is responsible for the child abuse or neglect." SOSCF did not follow contested case procedures in resolving petitioner's appeal and reaching those conclusions.

Under ORS 183.310(2)(a),

" '[c]ontested case' means a proceeding before an agency:

"(A)   In which the individual legal rights, duties or privileges of specific parties are required by statute or Constitution to be determined only after an agency hearing at which such specific parties are entitled to appear and be heard;

"(B)   Where the agency has discretion to suspend or revoke a right or privilege of a person;

"(C)   For the suspension, revocation or refusal to renew or issue a license where the licensee or applicant for a license demands such hearing; or

"(D)   Where the agency by rule or order provides for hearings substantially of the character required by [the statutes concerning contested cases]."

Petitioner does not identify anything in the record, statutes, or administrative rules that suggests that subparagraph (B), (C), or (D) applies to his situation. Assuming that the agency's order affects petitioner's "individual legal rights, duties or privileges," there is no statute that requires the agency to determine those rights, duties, or privileges only after an agency hearing. The decisive question, therefore, is whether petitioner has a constitutional right to a contested case hearing.

Petitioner argues that he has a constitutional right to such a hearing because of the effect of the order on his reputation. However, SOSCF found only that there was reasonable cause to support the complaint, not that the complaint was true. The agency treats that finding as comparable to a finding of reasonable suspicion; it does not rise even to the level of probable cause. The effect of such a limited finding on petitioner's reputation would probably be limited. In addition, ORS 419B.035 restricts the dissemination of the agency's finding to law enforcement, certain persons involved in the juvenile justice system, the agency that certifies and regulates child care facilities, and for other limited purposes in accordance with agency rules. In making the finding, the agency decides only whether there is evidence that creates a reasonable suspicion of child abuse; it does not decide whether child abuse in fact occurred or even probably occurred. Thus, contrary evidence will have, at best, a limited effect on the issue that the agency must decide. On the other

hand, providing a contested case hearing for every child abuse complaint would impose significant burdens on the agency, while the very low evidentiary threshold for deciding that a complaint is founded means that those hearings will seldom change the result. For those reasons, we conclude that petitioner does not have a constitutional right to a contested case hearing. After balancing the factors that the United States Supreme Court described in *Mathews v. Eldridge*, 424 US 319, 96 S Ct 893, 47 L Ed 2d 18 (1976), we conclude that the benefit to petitioner of a contested case hearing would be limited and that the state's interests outweigh his interest in such a hearing.

Because petitioner is not entitled to a contested case hearing and the agency did not provide one, the trial court had jurisdiction under ORS 183.484 to consider his petition to review SOSCF's final order as an order in other than a contested case. The trial court erred in holding otherwise.

Reversed and remanded.