Argued and submitted November 5; on appeal, affirmed, on cross-appeal, portion of judgment reversing "founded disposition for physical abuse of the boy," reversed, otherwise affirmed December 23, 2020; petition for review allowed May 6, 2021 (368 Or 138)
See later issue Oregon Reports

Bruce QUERBACH,
*Petitioner-Appellant*
*Cross-Respondent,*

*v.*

DEPARTMENT OF
HUMAN SERVICES (DHS),
*Respondent-Respondent*
*Cross-Appellant.*

Washington County Circuit Court
18CV06040; A170325

480 P3d 1030

The Department of Human Services (DHS) made founded dispositions that petitioner had subjected his children to abuse in the form of mental injury to both his children, physical abuse of his son, and threat of harm toward his daughter. On review, the circuit court affirmed DHS's mental injury determinations but set aside its determinations of physical abuse and threat of harm. Applying a probable cause standard, the court concluded that the founded dispositions of mental injury were supported by substantial evidence in the record, but that the founded dispositions of threat of harm and physical abuse were not. On appeal, petitioner assigns error to the circuit court's determination that substantial evidence supports DHS's founded dispositions of mental injury. On cross-appeal, DHS assigns error to the circuit court's application of the probable cause standard, contending that the rules impose a lower standard. DHS also contends that substantial evidence supports all of its founded dispositions. *Held*: The circuit court erred in applying a probable cause standard. In evaluating a DHS founded disposition, the "reasonable cause" standard that a reviewing court must apply is instead "equivalent to reasonable suspicion." *A. F. v. Oregon Dept. of Human Services*, 251 Or App 576, 583-84, 284 P3d 1189 (2012). The circuit court also erred in setting aside DHS's founded disposition that petitioner caused physical abuse, but, on these facts, did not err in concluding that the "threat of harm" disposition was not supported by substantial evidence.

On appeal, affirmed. On cross-appeal, portion of judgment reversing "founded disposition for physical abuse of the boy," reversed; otherwise affirmed.

Theodore E. Sims, Judge.

Margaret H. Leek Leiberan argued the cause for appellant-cross-respondent. Also on the briefs was Jensen & Leiberan.

Robert M. Wilsey, Assistant Attorney General, argued the cause for respondent-cross-appellant. Also on the briefs were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Lagesen, Presiding Judge, and James, Judge, and Haselton, Senior Judge.

LAGESEN, P. J.

On appeal, affirmed. On cross-appeal, portion of judgment reversing "founded disposition for physical abuse of the boy," reversed; otherwise affirmed.

**LAGESEN, P. J.**

This proceeding arises under ORS 183.484, which provides for judicial review of final agency orders "other than contested cases" in an appropriate circuit court. ORS 183.484(1).[1] In the final order at issue, the Department of Human Services (DHS) made "founded dispositions" under OAR 413-015-1010(2)(a) that petitioner had subjected his children to child abuse in the form of mental injury to both his children, physical abuse of his son, and threat of harm (in the form of physical abuse) toward his daughter. On review in the circuit court and following the trial-type hearing required under *Norden v. Water Resources Dept.*, 329 Or 641, 649, 996 P2d 958 (2000), the court affirmed DHS's mental injury determinations, but set aside its determinations of physical abuse and threat of harm, entering a judgment to that effect. The court concluded that the founded dispositions of mental injury were supported by substantial evidence in the record, but that the founded dispositions of threat of harm and physical abuse were not. In reaching those conclusions, the court interpreted DHS's applicable administrative rules to impose "a probable cause standard" for making a founded disposition of abuse.

Petitioner appealed and DHS cross-appealed. In his appeal, petitioner assigns error to the circuit court's determination that substantial evidence supports DHS's founded dispositions of mental injury. In petitioner's view, the court was correct to conclude that DHS rules impose a probable cause standard, but it was incorrect to conclude that DHS's determination that the standard was met was supported by substantial evidence. In DHS's view, which it articulates in its response to petitioner's appeal and in its own cross-appeal, the circuit court erred in concluding that DHS rules impose a probable cause standard for founded dispositions because we already have held that the rules impose a lower standard, one that equates to a reasonable suspicion standard. *See A. F. v. Oregon Dept. of Human Services*, 251 Or App 576, 583-84, 284 P3d 1189 (2012) (explaining that "reasonable

---

[1] ORS 183.484(1) provides that jurisdiction to review an agency order other than a contested case is "conferred upon the Circuit Court for Marion County and upon the circuit court for the county in which the petitioner resides or has a principal business office."

cause is equivalent to reasonable suspicion" (citing *Berger v. SOSCF*, 195 Or App 587, 591, 98 P3d 1127 (2004))). Further, DHS contends, given that lower legal standard, the circuit court correctly concluded that substantial evidence supports DHS's founded dispositions of mental injury, even though the court applied the wrong legal standard; but, also given that lower standard, the court erred when it reversed DHS's other founded dispositions.

In reviewing a circuit court judgment reviewing a final agency order in "other than contested cases" under ORS 183.484, our role is, by and large, the same as the circuit court's. Because of the way the parties have presented the case to us, the issue before us is whether DHS's order is supported by "substantial evidence in the record," ORS 183.484(5)(c). The difference between our role and the circuit court's role is that, unlike the circuit court, we are not, in general,[2] a "record-making, fact-finding court[]." *Norden*, 329 Or at 647. That means, in reviewing DHS's order for substantial evidence, we conduct that review on the record created in the circuit court, and do not hold another trial-type hearing like the one the circuit court was required to hold under *Norden*. *Id.* at 649 (so reviewing); *A. F.*, 251 Or App at 580 (same). It also means that, to the extent the circuit court made demeanor-based credibility determinations, and those credibility determinations are relevant to the legal question before us, we defer to them as we ordinarily do on review of a circuit court decision. *See State v. Mays*, 269 Or App 599, 618, 346 P3d 535, *rev den*, 358 Or 146 (2015) (explaining that an appellate court will usually defer to demeanor-based credibility findings).

Accordingly, the question before us is whether substantial evidence in the record created before the circuit court supports the founded dispositions that DHS made in the final order on review. *Cervantes v. Dept. of Human Services*, 295 Or App 691, 694-95, 435 P3d 831 (2019).

---

[2] Sometimes we are a fact-finding court. When we review *de novo* pursuant to legislative authorization or mandate, we find the facts ourselves on the record developed in the relevant court or administrative agency. *See, e.g.*, *Dept. of Human Services v. T. L. M. H.*, 294 Or App 749, 750 & n 1, 432 P3d 1186 (2018), *rev den*, 365 Or 556 (2019); *Fox v. Real Estate Agency*, 292 Or App 429, 443, 426 P3d 179 (2018).

"Substantial evidence exists to support a finding of fact when the record, viewed as a whole, would permit a reasonable person to make that finding." ORS 183.484(5)(c).

To determine whether DHS's order is supported by substantial evidence, we must first determine what standard applies when DHS makes founded dispositions of abuse. As noted, petitioner contends, and the circuit court agreed, that the standard is akin to probable cause in criminal cases. That would mean that the record would have to be such to permit an objectively reasonable person to find that, based on the facts known to DHS, it was reasonable to conclude that it was more likely than not that the alleged abuse occurred. *See, e.g.*, *State v. Sanchez-Anderson*, 300 Or App 767, 772-73, 455 P3d 531 (2019) (explaining probable cause standard). DHS, on the other hand, contends that the standard is lower, akin to reasonable suspicion in criminal cases. That would mean that the record would have to be such to permit the rational trier of fact to conclude that, based on the specific and articulable facts known to DHS, it was objectively reasonable to suspect that the alleged abuse occurred. *See State v. Bray*, 281 Or App 435, 442-43, 380 P3d 1245 (2016) (explaining concept of reasonable suspicion). Under our case law, DHS is right.[3]

OAR 413-015-1010 sets forth the standard for founded dispositions of abuse. OAR 413-015-1010(1) provides that "[t]he standard for determining CPS assessment dispositions is reasonable cause to believe." OAR 413-015-1010(2)(a) adds that "'[f]ounded' *** means there is reasonable cause to believe the abuse occurred. 'Founded' is synonymous with 'substantiated' as defined in ORS 418.205 - 418.327." Those statutes, in turn, define "substantiated" as "reasonable cause to believe" that abuse occurred, echoing the rules. *See* ORS 418.259(1)(a).

As mentioned, in *A. F.*, we addressed the "reasonable cause" standard in assessing whether the circuit court had erred in setting aside a founded disposition of abuse by DHS. 251 Or App at 578-80. There, we explained that the standard was akin to the "reasonable suspicion" standard

_____

[3] To the extent petitioner summarily contends in his reply brief that our case law is wrongly decided, we reject that contention without further discussion.

in criminal law, a standard we characterized as "'low.'" *Id*. at 584 (quoting *Berger*, 195 Or App at 591). As we explained in *A. F.*, in making a founded disposition, "DHS does not make an ultimate finding on the question whether a child is at risk of harm from abuse or neglect by a particular individual. That determination, ultimately, is for the court in a dependency proceeding." *Id*. Rather, DHS simply evaluates whether it is reasonable to think that that is the case. *Id*. And, on the substantial evidence review of a DHS founded disposition, the role of the reviewing court is simply to determine whether a reasonable person could reach the determination that DHS made. *Id*. at 580.

Thus, under *A. F.*, the question before us in this case is whether the whole record generated in the circuit court allows for the determination that it was reasonable for DHS to believe "under the circumstances before it" that petitioner caused both his children to suffer mental injury, physically abused his son, and threatened harm to his daughter.[4] *Id*. at 584.

A detailed recitation of the evidence would benefit no one. Regarding the founded dispositions of mental injury and physical abuse, we conclude that substantial evidence supports them. Petitioner certainly presented evidence to undercut DHS's investigation and determinations that would allow a juvenile court to conclude, in the context of a dependency case, that it was not persuaded that the abuse, in fact, occurred. But that is not the question. The question is whether, "under the circumstances before it" at the time it made its founded disposition, DHS had "reasonable suspicion to believe" that abuse had occurred. And the evidence in the record about what was known to DHS supports an objectively reasonable belief that petitioner committed the abuse identified by DHS, or so a reasonable person could conclude, regardless of that contrary evidence. *See Norden*, 329 Or at 649 (noting that "substantial evidence standard of review in APA does not require reviewing court to 'explain away' conflicting evidence" (quoting *Erck v. Brown Oldsmobile*, 311

---

[4] OAR 413-015-1015 defines "abuse" for the purposes DHS's founded dispositions, including "[m]ental injury," OAR 413-015-1015(1)(c); "[p]hysical abuse," OAR 413-015-1015(1)(e); and "[t]hreat of harm," OAR 413-015-1015(1)(g).

Or 519, 528, 815 P2d 1251 (1991))). The circuit court thus correctly sustained DHS's founded dispositions of mental injury to both children, but erred when it set aside DHS's founded disposition that petitioner caused physical abuse.[5]

As for the founded disposition of "threat of harm" to petitioner's daughter, we conclude that it is not supported by substantial evidence. DHS's founded disposition of "Threat of Harm: Physical Abuse" to petitioner's daughter was based on the same incident that led to the founded disposition of physical abuse to petitioner's son, which DHS concluded "could have resulted in [petitioner's daughter] being seriously hurt." As defined in DHS's rules, "threat of harm" means "all activities, conditions, and circumstances that place the child at threat of severe harm of physical abuse, sexual abuse, neglect, mental injury, or other child abuse." OAR 413-015-1015(1)(g). But the facts of that particular incident, as disclosed by this record, do not make it reasonable to believe that that incident (and petitioner's conduct during it, which targeted his son), "place[d] [petitioner's daughter] at threat of severe harm of physical abuse." Consequently, the circuit court correctly set aside that founded disposition.

On appeal, affirmed. On cross-appeal, portion of judgment reversing "founded disposition for physical abuse of the boy," reversed; otherwise affirmed.

---

[5] In setting aside the founded disposition of physical abuse, the circuit court appears to have relied heavily on expert testimony regarding deficiencies in DHS's investigation, which it credited. But, under *A. F.*, the legal issue before the court was whether a reasonable person could determine that, based on the facts and circumstances known to DHS, it was reasonable to suspect abuse; the legal issue, again, was *not* whether a reasonable person could find that the abuse had, in fact, occurred. Although the expert testimony on which the court relied certainly would bear on the latter point, it is not probative on the point of what circumstances were before DHS when it made its founded disposition and whether those circumstances are ones that could give rise to a reasonable belief that abuse occurred. Beyond that, the record does not indicate credibility-based factual disputes as to the information before DHS at the time it made the challenged dispositions that would require a remand to the circuit court to reevaluate the founded dispositions of physical abuse and mental injury under the correct legal standard in the first instance.