Argued and submitted March 11, 2022, general and supplemental judgments reversed and remanded March 29, 2023

Christina MARTIN,
*Petitioner-Respondent,*
*v.*
DEPARTMENT OF HUMAN SERVICES,
*Respondent-Appellant.*

Douglas County Circuit Court
20CV34519; A175697

527 P3d 1053

In this appeal arising out of a challenge to a final order in an other than contested case, the Department of Human Services (DHS) asserts that the trial court erred in remanding the founded disposition of physical abuse. The trial court concluded that substantial evidence supported DHS's determination that petitioner committed the alleged physical abuse, but remanded for further investigation into the depth, length, and severity of the impairment. On appeal, DHS argues that the trial court erred, because substantial evidence supports its determination. *Held*: Under *Querbach v. Dept. of Human Services*, 369 Or 786, 512 P3d 432 (2022), which was decided while this appeal was under advisement, a circuit court's role in reviewing founded determinations is to determine whether substantial evidence in the record supports the agency's determinations and whether the record would permit a reasonable person to make that finding. Here, viewing the record as a whole, a reasonable person could find that petitioner committed physical abuse.

General and supplemental judgments reversed and remanded.

Kathleen E. Johnson, Judge.

Robert M. Wilsey, Assistant Attorney General, argued the cause for appellant. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

George W. Kelly argued the cause and filed the brief for respondent.

Before Ortega, Presiding Judge, and Powers, Judge, and Hellman, Judge.

POWERS, J.

General and supplemental judgments reversed and remanded.

**POWERS, J.**

In this appeal arising out of a challenge to a final order in an other than contested case, the Department of Human Services (DHS) asserts that the trial court erred in remanding the founded disposition of physical abuse. Applying the standard of review set out in *Querbach v. Dept. of Human Services*, 369 Or 786, 790, 512 P3d 432 (2022) (discussing and applying ORS 183.484 to review orders in other than contested cases), we reverse and remand.

After receiving a report that petitioner had physically and mentally abused her daughter, I, DHS began an investigation that resulted in a notice of a founded determination of physical abuse. Petitioner sought administrative review, and DHS ultimately concluded in a final order that there was reasonable cause to believe that petitioner physically abused I. DHS explained: "The documentation, including witness statements, corroborating evidence, and clear, credible disclosures support that you forcibly restricted [I's] breathing by sitting on her and repeatedly pouring water on her face as a form of discipline on multiple occasions."

Petitioner then sought review of DHS's order in circuit court. *See* ORS 183.484(1) (outlining process for judicial review of orders in other than contested cases). The trial court held a hearing and heard testimony from a number of witnesses, including the DHS investigator and the investigator's supervisor, petitioner and her husband, and a DHS safety consultant. Ultimately, the court concluded that substantial evidence supported DHS's determination that petitioner committed the alleged conduct—straddling I on the floor and pouring water on her face in a way that restricted I's breathing—however, the court remanded DHS's determination of physical abuse for further investigation into the "depth and length of the impairment, the severity of the impairment so that the determination can be made of whether or not it constitutes physical abuse," and entered a general judgment to that effect. Subsequently, the trial court entered a supplemental judgment awarding petitioner attorney fees and costs.

DHS appeals, arguing that the trial court erred when it remanded its founded disposition because substantial evidence supports its determination. While this appeal was under advisement, the Supreme Court decided *Querbach*, which clarified the standard for determining whether a report of abuse is "founded" and reiterated the reviewing court's role in reviewing founded orders. Rejecting the petitioner's argument that a founded determination of abuse required probable cause to believe that abuse had occurred, the court concluded that a founded determination means that there is reasonable cause to believe that the abuse occurred and that "reasonable cause" means "a subjectively and objectively reasonable belief, given all of the circumstances and based on specific and articulable facts." *Id*. at 789-90 (quoting OAR 413-015-1010(2)(a) and OAR 413-015-0115(58) (internal quotation marks omitted)). The court explained that founded determinations "are not determinations that petitioner in fact abused the children in the ways that were alleged, but rather that DHS had 'reasonable cause to believe' that he had done so—meaning that, given the evidence in the record, an objectively and subjectively reasonable person could believe that petitioner had abused the two children in the ways alleged." *Querbach*, 369 Or at 804 (emphasis omitted).

Important to this case, the court explained that a circuit court's role in reviewing such founded determinations under ORS 183.484(5) is to determine "whether substantial evidence in the record 'viewed as a whole' supports the agency's determinations, and * * * that standard is based on whether that record 'would permit a reasonable person to make that finding.'" *Querbach*, 369 Or at 803 (quoting ORS 183.484(5)(c)). We conclude in this case that, viewing the record as a whole, a reasonable person could make a finding that petitioner physically abused I by straddling her and pouring water on her face such that I reported that she could not breathe. Accordingly, because the trial court erred in remanding the founded disposition of physical abuse, we reverse and remand both the general and supplemental judgments.

General and supplemental judgments reversed and remanded.